UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LYNN SCHMID, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | ) Case No.: CV-13-4497-PJW <br> ) <br> ) <br> ) MEMORANDUM OPINION AND ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when she rejected the treating doctors' opinions. For the reasons explained below, the Court finds that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In July 2008, Plaintiff applied for DIB and SSI, alleging that she had been unable to work since July 2007, due to, among other things, bipolar disorder, anxiety disorder, degenerative disc disease, diabetes, carpal tunnel syndrome, obesity, and alcohol and drug abuse (in remission). (Administrative Record ("AR") 156-65, 184, 205-12.) The Agency denied the applications initially and on reconsideration. (AR 101-08, 109-15.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 118-19, 122.) On July 28, 2011, she appeared with counsel and testified at the hearing. (AR 52-96.) The ALJ subsequently issued a decision denying benefits. (AR 33-45.) Plaintiff appealed to the Appeals Council, which denied review. (AR 8-15, 29-32.) She then commenced this action.

## III. ANALYSIS

Plaintiff complains that the ALJ erred when she rejected the treating doctors' opinions that Plaintiff was incapable of meeting the demands of work and relied instead on examining and reviewing doctors who disagreed. For the following reasons, the Court concludes that the ALJ erred.

ALJs are tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors supply that evidence: treating doctors, examining doctors, and reviewing doctors. All things being equal, treating doctors are entitled to the greatest deference because they are hired to cure and have more opportunity to know and observe the patient. *Id.* at 1041; *see also* 20 C.F.R. 404.1527(c)(2) ("Generally, we give

more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations"). Examining doctors are next on the list, followed by reviewing doctors. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). However, ALJs are not required to merely accept the opinions of a doctor and may reject them for specific and legitimate reasons that are supported by substantial evidence in the record. *Id*.

A. The Medical Evidence

Plaintiff's treating doctor, Dr. Philo Rogers, opined that Plaintiff could only sit and/or stand for less than four hours a day in total. (AR 521.) The ALJ rejected that opinion on the ground that it "is not supported by the objective medical evidence." (AR 44.) This justification is insufficient to withstand appeal. *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) ("Merely to state that a medical opinion is not supported by enough objective findings 'does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.'") (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). The ALJ should have identified the objective medical evidence that she was referring to and explained how it contradicted Dr. Rogers' view that Plaintiff could sit and stand for less than half the workday. This would have allowed Plaintiff to better understand the basis

for the ALJ's ruling and would have afforded the Court with the opportunity to conduct a meaningful review of the ALJ's decision.[1]

It seems that the ALJ also overlooked the fact that Dr. Rogers believed that Plaintiff would miss more than four days of work each month. (AR 44, 522.) As the vocational expert explained, were Plaintiff to miss this much work, she would not be able to hold down a job. (AR 92.)

Further, the Court cannot conclude that the errors are harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (noting error is harmless if it is "inconsequential to the ultimate non-disability determination."). As such, remand is required. On remand, the ALJ should explain in detail why she rejected Dr. Rogers' opinions.

B. The Psychiatric Evidence

Plaintiff visited psychiatrist Jose Agosto one time. After listening to what Plaintiff had to say and reviewing her medical charts, Dr. Agosto opined, among other things, that Plaintiff was limited in her ability to maintain attention and concentration, maintain an ordinary routine without supervision, and work in close proximity with others. (AR 504-06.) According to the vocational expert, a hypothetical worker with

---

[1] The Court has not overlooked the fact that the ALJ did discuss the dearth of diagnostic imaging relating to Plaintiff's musculoskeletal complaints. (AR 43.) But the Court cannot conclude based on that discussion that that is what the ALJ was referring to six paragraphs later when she summarily concluded that Dr. Rogers' opinion was not supported by the objective medical evidence.

these limitations would not be able to perform the work of an assembly worker.  (AR 93-94.)

The ALJ summarily rejected Dr. Agosto's opinion on the ground that he was not really a treating physician because he only saw Plaintiff once and because his opinion was based on a review of the medical charts.  (AR 43.)  Plaintiff contends that the ALJ erred in doing so.  For the following reasons, the Court agrees.

The ALJ's determination that Dr. Agosto was not a treating source is certainly reasonable in the context of this case.  Dr. Agosto apparently met with Plaintiff only once and that appears to have been for the purpose of filling out the mental impairment report he authored in connection with this case.  (AR 502-07.)  Even a cursory review of that form illustrates that Dr. Agosto had not gained any special insight into Plaintiff's condition during that visit.  Most of the answers he supplied in the report were based on his review of Plaintiff's medical charts and/or on Plaintiff's recitation of her medical history.  (AR 504-07.)  Obviously, the information Plaintiff provided is suspect as the ALJ concluded that she was not credible (a finding Plaintiff has not challenged).  (AR 42.)  Further, there is nothing in the record to suggest that Dr. Agosto performed any tests on Plaintiff to confirm his diagnoses.

Even assuming, however, that Dr. Agosto was not a treating physician and he undertook the role of an examining physician, the ALJ was still required to explain why Dr. Agosto's opinions were being rejected.  *See Lester*, 81 F.3d at 830-31 ("[T]he opinion of an examining doctor, even if contradicted by another

5

doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."). The ALJ's decision is silent as to those reasons. (AR 43.) As such, this issue, too, is remanded for further consideration.[2]

## IV. CONCLUSION

For these reasons, the case is remanded to the Agency for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: May 7, 2014

*(signature)*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\SCHMID, 4497\Memorandum Opinion and Order.docx

---

[2] Plaintiff has requested that the Court remand for an award of benefits. The Court recognizes that it has the authority to do so but finds that this case does not warrant such relief as it is not clear from the record that Plaintiff is disabled and entitled to benefits.